ANTENEN, RECR., *v.* THE STATE, EX REL. BREDWELL, ET AL.

(Decided June 10, 1927.)

*Messrs. Shank & Shank* and *Messrs Andrews, Andrews & Rogers,* for plaintiff in error.

*Mr. H. S. Wonnell,* and *Mr. Walton S. Bowers,* for defendants in error.

HAMILTON, P. J.   Benjamin S. Bredwell, husband of Ida M. Bredwell, in whose behalf this action was brought, was killed August 11, 1923, while in the employ of George W. Hershner, while riding upon one of the trucks operated by Hershner.

It is claimed that Hershner was an employer of more than five workmen of whom the deceased, Bredwell, was one.   Hershner did not pay into the state insurance fund and was not protected by the Workmen's Compensation Law (Section 1465-37 *et seq.,* General Code). The widow filed a claim for an allowance with the Industrial Commission of Ohio, which commission made an award in favor of the widow in the sum of $5,000, together with medical and funeral expenses.

While the case was pending before the Industrial Commission, Hershner absconded, and left certain property.   At the instance of his creditors, a receiver was appointed to take charge of his property. The receiver appeared at the hearing before the Industrial Commission, and was afterwards notified of the award made by the commission.   The receiver refused to pay the award.   This action was thereupon brought under favor of Section 1465-74, General Code, against the receiver.   Hershner was not made a party or served with summons, nor did he appear in any way in the case.   The case was tried to a jury, and the issues made by the pleadings were whether or not Hershner was an employer of five or more workmen, and whether or not Bredwell was killed while in the course of his employment.

The result of the trial was that the jury returned a verdict in favor of the widow for the sum awarded by the Industrial Commission. To the verdict, the trial court added a 50 per cent. penalty for failure to pay the award within ten days, and entered judgment accordingly. The receiver prosecutes error to this court, seeking a reversal of that judgment.

A demurrer to the petition was filed by the receiver, raising the question as to the right of the plaintiff to maintain the action against the receiver. The court overruled the demurrer, and this is one of the grounds of error stressed, and will be first considered.

Section 1465-74 provides for such an action as herein filed to be brought against the employer. The language of the statute is:

"In the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto, or to furnish such bond, within a period of ten days after notification of such award, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the commission, and the commission shall certify the same to the attorney general who shall forthwith institute a civil action against such employer in the name of the state, for the collection of such award."

To this action the employer may defend, raising the questions of employment and of liability. *Pittsburg Coal Co.* v. *Industrial Commission,* 108 Ohio St., 185, 190, 140 N. E., 684. The question is: Does the receiver stand in the shoes of the employer in such an action? We have been unable to find any substantive law or any decision on this question.

The only case we have been able to find in which the question of the obligation of a receiver was touched upon is *Wood* v. *Camden Iron Works* (D. C.), 221 F., 1010. In that case it was held that a receiver, who is conducting the business of the original employer during insolvency, is, by the terms of the New Jersey Employers' Liability Act, bound to make the payments which the employee or his representative was entitled to receive from the original employer, during the time that he conducts the business. This decision, it will be noted, held the receiver is only obligated to pay during the time that he continued the business, and this was due to the provision of the act which placed the obligation on "those conducting his business during bankruptcy or insolvency." The reasoning in this case would lead to the conclusion that, in the absence of statutes, such an action as this could not be maintained against a receiver.

While the amount involved cannot be an issue, the question whether or not the employer is liable at all is in litigation, and the proceeding is in the nature of an action to secure a personal judgment.

The award of the Industrial Commission is a liquidated amount. It is not a liquidated claim. The statutes provide that the civil action shall be against such employer. The receiver is not a personal representative of the employer. He is but placed in charge of the property, for the purpose of paying creditors and making distribution of the property.

In the case under consideration, there is a judgment for more than $7,500 against a receiver of the property of an employer who was not made a party

in the case, was not served with summons, and at no time appeared in the action, and against whom there was no judgment or liquidated claim, nor contractual obligation.

The Workmen's Compensation Law is purely a creature of statute. There is no common-law right, nor equitable rights or remedies involved. This proceeding is not one in attachment, on execution, or garnishment. To hold the right to sue the receiver, and enforce a judgment, as is attempted in this case, would be to read into the statute a right to maintain a civil action against the employer, or those conducting his business during bankruptcy or insolvency, such as is contained in the New Jersey Liability Act.

We are of the opinion that the right to maintain such an action against a receiver must be provided by legislative or constitutional authority. This right has not been so given.

Our conclusion is that there is no authority in law for maintaining the action against the receiver. Therefore the trial court erred in overruling the demurrer to the petition. The trial court further erred in adding a 50 per cent. penalty, as we are of opinion that that part of the act was unconstitutional and void. However, this is unimportant in our view of the law on the main question in the case, the right to maintain the action against the receiver.

The judgment will be reversed, and the cause remanded to the trial court, with instructions to dismiss the action.

*Judgment reversed and cause remanded for dismissal.*

CUSHING and BUCHWALTER, JJ., concur.